# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JINWOO PARK,

          Plaintiff,

      v.

IDALBERTO ZALDIVAR-GALVES,

          Defendant.

Case No. 1:25-cv-01552-BAM (PC)

ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM

(ECF No. 1)

Plaintiff Jinwoo Park ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 13, 2025, is currently before the Court for screening. (ECF No. 1.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility, where the events in the complaint are alleged to have occurred.  Plaintiff names Idalberto Zaldivar-Galves, PCP, as the sole defendant.

Plaintiff alleges that Defendant Zalidvar-Galves is/was aware that Plaintiff was in pain and his toes and ankle were not moving on his left foot.  Defendant rescinded Plaintiff's wheelchair.  Plaintiff was under Defendant's care for his left foot for 24 months and continuing.

Plaintiff informed Defendant of having severe pain in his left foot, and toes and ankle not moving.  Defendant failed to refer Plaintiff to a specialist that could have diagnosed Plaintiff's left foot from being in severe pain.  Plaintiff claims that Defendant knew of and disregarded an excessive risk to inmate health and safety and that Plaintiff's foot, left unattended, poses a substantial risk of serious harm.  Plaintiff further claims that the course of treatment Defendant intentionally chose was medically unacceptable under the circumstances and in conscious disregard of an excessive risk to the Plaintiff's health and that Defendant intentionally interfered with medical treatment by denying a specialist while Plaintiff was in severe pain.

Plaintiff further alleges that Defendant's denial in seeking treatment adversely affected Plaintiff's prognosis.  Plaintiff had been complaining about severe pain in his left foot, numbness of toes, and need of a specialist.  Defendant's denial of a specialist caused Plaintiff's left foot to

be in severe pain, loss of mobility and permanent nerve damage. Defendant has been Plaintiff's PCP for approximately 24 months and is aware that Plaintiff was having severe pain in his left foot and needed a specialist. Defendant reviewed Plaintiff's medical records and possessed general knowledge of Plaintiff's medical history. Plaintiff had numbness and tingling sensation at times, and he could not bear weight on his left foot. There was bruising and discoloration around his ankle area and numbness of his toes. Plaintiff asserts that Defendant "knew of risk of injury to Plaintiff severe pain in his left foot, and toes and ankle not moving based on the fact Plaintiff continually informed Defendant of the severe pain." (ECF No. 1 at 8.) Defendant ignored Plaintiff's complaints for appropriate pain medication and specialist referral.

Plaintiff contends that Defendant's lack of treatment caused Plaintiff's condition to worsen, causing wanton and unnecessary severe pain in his left foot. Plaintiff alleges that he was experiencing "the kind of pain associated with nerve damage." (ECF No. 1 at 8.) Plaintiff asserts that Defendant's failure to treat or address Plaintiff's complaints of severe pain with his left foot caused him wanton and unnecessary severe pain. Plaintiff further asserts that Defendant failed to investigate the condition to provide Plaintiff with effective treatment and failed to provide proper medical attention needed to properly diagnose Plaintiff's injuries. Plaintiff alleges the severe pain and denial of a specialist "affected his daily activities." (*Id.*) He asserts that Defendant violated his Eighth Amendment rights "by causing cruel and unusual punishment with lack of medical care, denied Plaintiff's access to medical attention, serious medical condition denial (continuing the denial) that has led to Plaintiff's disability and caused his left foot to continuing to swell and with discoloration and numbness." (*Id.* (unedited text).)

Plaintiff additionally alleges that he has informed Defendant on numerous occasions that the current medication is not relieving the pain. Defendant did not examine Plaintiff, stated Plaintiff is lying to keep his low bunk chrono, and faking to keep his wheelchair. On January 3, 2025, a specialist (neurosurgeon) informed Plaintiff he had an abnormality. On February 29, 2025, Defendant rescinded Plaintiff's wheelchair and said he as faking and nothing was wrong with Plaintiff's foot. Defendant left Plaintiff on the medical clinic floor for approximately thirty (30) minutes. Plaintiff was embarrassed and humiliated. Inmate Peer Support Specialist Beltran

3

had to assist Plaintiff from the floor and utilized another inmate's wheelchair to transport him to his assigned housing unit.  Plaintiff, for approximately seven days, could not go to the chow hall to receive his meals, law library, and other events and programs.  Plaintiff's cellmate was informed by Plaintiff's housing officers that they would receive a Rules Violation Report (RVR) if they lent Plaintiff their walker or wheelchair.

On February 26, 2025, an ADA Sergeant temporarily provided Plaintiff a wheelchair.

On March 5, 2025, Plaintiff received a neurology consultation that was referred by podiatrist.

On March 18, 2025, "Defendant informed Plaintiff had fracture of the fourth metatarsal bone in left foot."  (ECF No. 1 at 9.)  On March 21, 2025, Plaintiff received an EMG (Electromyography).  On April 6, 2025, the EMG and nerve conductor showed "left peroneal motor neuropathy and possible generalized sensory/motor poly neuropathy, left lower extremity shows chronic neuropathy changes in distal muscle suggestive of poly neuropathy."  (*Id.*)  On May 21, 2025, Plaintiff received an MRI.  On June 2, 2025, the MRI showed "small medial meniscus tea[r], lateral meniscus intact, mild distal quadriceps and proximal patellar tendonitis, minimal joint effusion" and a referral to an orthopedic surgeon consultation.  (*Id.*)  Plaintiff asserts that all of the referrals were initiated by other specialists, not Defendant.  Defendant "just informed Plaintiff what the results [were].  Defendant alleged that Plaintiff lying and faking.  The test results say he wasn't faking."  (*Id.*)

Plaintiff further alleges that Defendant accessed the computer medical file of Plaintiff to determine his chief complaint, severe pain and medication.  Defendant knew Plaintiff suffered from severe pain in his left foot and needed a specialist.  Defendant failed to provide Plaintiff access to adequate pain medication.  Plaintiff had been complaining about severe pain in his left foot, and toes and ankle not moving for more than 24 months and needed to be referred to a specialist.  Plaintiff asserts that Defendant's denial "caused Plaintiff's left foot to be in severe pain, and now Plaintiff has permanent nerve damage.  Plaintiff is losing his ability to walk, and can[not] bear to put weight on his left foot due to the pain and numbness."  (ECF No. 1 at 10.)  Plaintiff contends that a reasonable individual in Defendant's situation would have known that by

failing to act to obtain medical care for Plaintiff, he was violating Plaintiff's constitutional right. Plaintiff was experiencing the kind of pain associated with nerve damage. Plaintiff alleges that Defendant knew Plaintiff could have permanent damages for not receiving medical treatment for his left foot. Plaintiff claims that "[c]reating grave risks of physical harm, injury, through the bestial conditions and punishment, which Plaintiff was forced to undergo, it was or should have been reasonable foreseeable to Defendant that Plaintiff would suffer serious injury." (*Id.*) Plaintiff contends that he was harmed by Defendant's denial and as a direct and/or proximate result of Defendant's action, Plaintiff experienced excruciating pain and loss of mobility.

Plaintiff further alleges that he informed Defendant of his severe pain and loss of mobility, but Defendant chose to ignore Plaintiff's complaints. Plaintiff also alleges that Defendant was aware of Plaintiff's condition "because he reviewed Plaintiff's medical records and possessed general knowledge of Plaintiff's medical history, but failed to investigate and adequately monitor Plaintiff's condition so that they could provide Plaintiff with effective treatment, such as specialist ordered Specialist, without that scan, Plaintiff's left foot became swelled with discoloration." (ECF No. 10-11.) Plaintiff asserts that Defendant's lack of treatment caused Plaintiff's condition to worsen, causing extreme pain, and loss of mobility. Plaintiff further asserts that the severe pain, loss of mobility, and denial of a specialist "affected Plaintiff's daily activities and that the lack of treatment exposed Plaintiff to the risk of temporary and permanent damage to his left foot. Plaintiff has been in severe pain in his left foot, and toes and ankle not moving, based on the lack of treatment that cause Plaintiff's condition to worsen, which cause extreme pain." (*Id.* at 11.) Further, Plaintiff contends that Defendant's deliberate denials in providing medical treatment for Plaintiff's left foot, and toes and ankle not moving, and failing to refer Plaintiff to a specialist resulted in Plaintiff's wanton and unnecessary pain. Plaintiff argues that "Defendant has violated his Eighth Amendment rights because Defendant denied and denied Plaintiff's access to medical treatment for over 24 months and continuing, with severe pain to his left foot." (*Id.*)

As relief, Plaintiff seeks compensatory and punitive damages.

///

**III.    Discussion**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the

circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for deliberate indifference to serious medical need in violation of the Eighth Amendment against Defendant Idalberto Zalidivar-Galves.

**IV. Conclusion and Order**

Based on the above, the Court finds that Plaintiff states a cognizable claim for deliberate indifference to serious medical need in violation of the Eighth Amendment against Defendant Idalberto Zaldivar-Galves.

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's complaint, filed on November 13, 2025, against Defendant Idalberto Zaldivar-Galves for deliberate indifference to serious medical need in violation of the Eighth Amendment; and

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:  **April 21, 2026**  _/s/ Barbara A. McAuliffe_
UNITED STATES MAGISTRATE JUDGE